1  Troy B. Froderman (012717)
2  Scott C. Ryan (026791)
   FR LAW GROUP PLLC
3  4745 North 7th Street, Suite 310
   Phoenix, AZ  85014
4  602-566-7425
5  tfroderman@frlawgroup.com
   sryan@frlawgroup.com
6  *Attorneys for Plaintiff*

7

8               IN THE UNITED STATES DISTRICT COURT

9                   FOR THE DISTRICT OF ARIZONA

10

11 | Delivery Financial Services, L.L.C.,    | Case No.
12 |                                          |
   |              Plaintiff,                  |
13 |                                          | **COMPLAINT**
14 | vs.                                      |
15 | Lemberg Law LLC,                         |
16 |                                          |
   |              Defendant.                  |
17

18      Plaintiff, Delivery Financial Services, L.L.C., for its Complaint against the

19 Defendant, and by through undersigned counsel, alleges and states as follows:

20      NATURE OF THE ACTION

21      1.      This is an action for libel and libel per se brought by Plaintiff Delivery

22 Financial Services, L.L.C., against Defendant Lemberg Law LLC, for libelous statements

23 made over the Internet on November 15, 2018, and preceding and succeeding dates.

24      PARTIES

25      2.      Plaintiff, Delivery Financial Services, L.L.C., is an Arizona limited liability

26 company, located at 3710 W. Greenway Road, Suite 131, Phoenix, Arizona, 85053.

27      3.      Defendant, Lemberg Law LLC, is a Connecticut limited liability company

28 located at 43 Danbury Road, Wilton, Connecticut, 06897, and does business locally through

Trinette G. Kent, Esquire, whose office is located at Kent Law Offices, 3219 E. Camelback Road, Suite 588, Phoenix, Arizona, 85018.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(A) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and cost.

5.    Venue is appropriate in the District of Arizona under 28 U.S.C. § 1391(b)(1) and 1391 (d) because Defendant conducts business in the State of Arizona and has one or more licensed agents in the State of Arizona.

## FACTS COMMON TO ALL CLAIMS

6.    Plaintiff is a nationwide account receivables management company.

7.    Defendant is a national law firm that regularly markets via the Internet to prospective clients, including prospective clients in Arizona. On its website, Defendant advertises that:

> "Lemberg Law represents consumers nationwide in <u>debt collection abuse</u>, <u>telephone harassment</u>, <u>lemon law</u>, auto fraud, <u>personal injury</u>, <u>wage overtime</u> and <u>class action</u> cases." Emphasis in original.

8.    On November 15, 2018, Plaintiff discovered, via a third party, that Defendant was marketing on its website the following libelous statements:

> "Scary Harassment from 602-490-3955 / 6024903955 Is NOT forever"

> "Delivery Financial Services may be harassing illegally. Sue for $500-$1,500 per call from 602-490-3955."

9.    Defendant added to its libelous statements through a fictious question and answer post on its website:

> "Question: I have exhausted every thing I have from messing with Delivery Financial Services and I'm at the end of my rope. Please let me know your staff can help.
>
> Answer: Hi, you have located the right people. My team perseveres every single day to ease the strain of third party debt collectors who are shirking the state and federal regulations which stops them from harassing honest people like you. "

10. Defendant intentionally or recklessly states over the Internet that Plaintiff is engaging in illegal activity. Defendant has no factual basis to support its statements and makes these statements for the purpose of recruiting clients for a fee.

11. Defendant also committed libel and libel per se against Plaintiff with the following:

> "Let's have a look at this example: a woman is planning to take her daughter out to look for a dress on a Saturday morning. She sets the alarm for 8:30, but her phone rings at 7:30. It's a bill collection agency inquiring about a medical bill from her daughter's emergency appendectomy (sic) couple years ago. She hangs up the phone call and the moment she was about to fall back to sleep they call once again. This time around, she tells them she doesn't have $15,000 to pay the debt. She gets up with effort and starts getting ready for the trip to the store. On Sunday, she sets her alarm clock for 9:00 so she can be at services by 10:15. This time, the mobile phone rings at 6:45, and it's the same the same (sic) representative. Delivery Financial Services likely is going against the FDCPA because debt collectors can only phone between 8:00 a.m. and 9:00 p.m. in your time zone."

12. Among other falsehoods, Defendant either intentionally or with reckless disregard failed to report that Plaintiff is closed on weekends and no such calls as alleged in paragraph 11 would have taken place.

COUNT I—LIBEL PER SE

13. Defendant made the Internet statements with knowledge of their falsity or with reckless disregard for their truth.

14. Defendant's statements accused the Plaintiff of committing a crime.

15. Plaintiff has incurred damages as a result.

COUNT II—LIBEL

16. Defendant knew or should have known that its Internet statements were false. Defendant's Internet statements were made recklessly and in disregard for their truth or falsity.

17. As a result of Defendant's statements, Plaintiff has suffered damages by way of loss of business and harm to its reputation.

COUNT III—NEGLIGENT MISREPRESENTATION

18. Defendant's Internet statements were made in disregard for their truth or falsity.

3

19. Defendant's Internet statements have caused proximate harm to Plaintiff's business and its reputation.

20. Plaintiff has suffered damages as a result of Defendant's Internet statements.

WHEREFORE, Plaintiff prays for the following relief:

1. For a finding that Defendant has committed libel per se against Plaintiff;

2. For a finding that Defendant has committed libel against Plaintiff;

3. For a finding that Defendant has negligently misrepresented Plaintiff's business practices;

4. For a judgment against Defendant and an award of compensatory damages in favor of Plaintiff, in an amount proven at trial;

5. For a judgment of punitive or example damages in favor of Plaintiff;

6. For a judgment awarding Plaintiff its fees and costs;

7. For a retraction by Defendant on its website, and

8. For any other relief the Court or jury deems appropriate.

DATED this 28th day of November, 2018.

FR LAW GROUP, PLLC

By: _____*/s/ Troy B. Froderman*_____
Troy B. Froderman, Esq.
Scott C. Ryan, Esq.
4745 N 7th Street, Suite 310
Phoenix, AZ 85014
*Attorneys for Plaintiff*