WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delivery Financial Services, L.L.C., | No. CV-18-04242-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Lemberg Law LLC, | |
| Defendant. | |

On March 27, 2019, the Court granted in part and denied in part Defendant's Motion to Dismiss (Doc. 22). (Doc. 27). Defendant moved for reconsideration of that Order, which the Court denied. (Doc. 33). On June 10, 2019, with leave of the Court, Plaintiff filed a First Amended Complaint (Doc. 34). Pending before the Court is Defendant's Motion to Dismiss (Doc. 35).

## I. DISCUSSION

### A. Subject Matter Jurisdiction

The Court's March 27, 2019 Order found that the original Complaint inadequately invoked diversity jurisdiction as the Complaint failed to sufficiently allege an amount in controversy greater than $75,000. (Doc. 27 at 5). Defendant's Motion to Dismiss asserts that the First Amended Complaint fails to correct that deficiency. (Doc. 35-1 at 7-10).

The original Complaint made the conclusory assertion that the amount in controversy exceeds $75,000, but did not allege any facts to support this assertion. (Doc. 1 at 2). The First Amended Complaint includes the allegation that "[o]ne of the

Plaintiff's existing clients informed Plaintiff of the content of Defendant's website. After reviewing the content, the existing client terminated its contract with Plaintiff. The termination resulted in a loss of revenue in excess of $300,00 on an annual basis." (Doc. 34 at 3, ¶ 13). The First Amended Complaint also alleges that "since the libelous publication by Defendant, Plaintiff has suffered a decline in its annual growth of healthcare clients in excess of $75,000." (*Id.*, ¶ 14). Because Defendant has presented a facial attack on subject matter jurisdiction, the Court assumes that the allegations in the First Amended Complaint are true and the Court draws all inferences in Plaintiff's favor.[1] *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The Court finds that the First Amended Complaint corrects the deficiencies in the original Complaint regarding diversity jurisdiction.

### B. Standing

Defendant asserts that Plaintiff "lacks standing because it has not established a line of causation between Lemberg's actions and its alleged harm." (Doc. 35-1 at 11). Yet Paragraph 13 of the First Amended Complaint may be reasonably interpreted as alleging that one of Plaintiff's clients terminated its contract with Plaintiff as a direct result of reading Defendant's website. (Doc. 34 at 3, ¶ 13). The Court finds that the First Amended Complaint sufficiently asserts that Defendant's actions caused Plaintiff damages.

### C. Statute of Limitations

In its Motion to Dismiss, Defendant also asserts that all three counts of the First Amended Complaint must be dismissed on statute of limitations grounds. (Doc. 35-1 at 12-14). A statute of limitations defense "may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979)). "While a statute of limitations defense may be raised by a motion to dismiss,

---

[1] "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Wolfe*, 392 F.3d at 362.

a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Seitz v. Rheem Mfg. Co.*, 544 F. Supp. 2d 901, 910 (D. Ariz. 2008) (internal quotation marks and citation omitted).

Plaintiff does not dispute that a one-year limitations period applies to the claims presented in the First Amended Complaint. Here, the First Amended Complaint alleges that Defendant published libelous statements on the Internet "on November 15, 2018, and preceding and succeeding dates." (Doc. 34 at 1, ¶ 1). This action was filed on November 28, 2018. Dismissal on statute of limitations grounds is not appropriate at this time as Plaintiff may be able to prove a set of facts that would establish the timeliness of its claims. *Seitz*, 544 F.Supp.2d at 910.

**D. Counts I and II of the First Amended Complaint: Libel Per Se and Libel**

Counts I and II of the First Amended Complaint present libel per se and libel claims. "According to Arizona law, libel and slander are classified as either per se or per quod." *Ultimate Creations, Inc. v. McMahon*, 515 F. Supp. 2d 1060, 1067 (D. Ariz. 2007) (citing *Boswell v. Phoenix Newspapers, Inc.*, 730 P.2d 178, 183 n.4 (Ariz. Ct. App. 1985)). "A communication is libel per se if on its face it tends to impeach one's honesty, integrity, or reputation. If a communication is libelous only by considering extrinsic information, then it is considered libel per quod." *Id.* (internal quotation marks and citation omitted). A claim for libel requires a plaintiff to plead pecuniary damages. *Id.* Damages are presumed with respect to a libel per se claims. *Id.*

Assuming the truth of all facts alleged in the First Amended Complaint and construing them in the light most favorable to Plaintiff, the Court finds that Counts I and II sufficiently state claims for libel per se and libel. Defendant's Motion to Dismiss (Doc. 35) is denied as to Counts I and II.

**E. Count III of the First Amended Complaint: Negligent Misrepresentation**

Count III of the First Amended Complaint is labeled as a negligent misrepresentation claim. (Doc. 34 at 4, ¶ 20). "Under Arizona law, a defendant is liable

for negligent misrepresentation when he or she negligently provides false information to another in the course of his business or employment and the other party, justifiably relying on this false information, incurs damages." *Allstate Life Ins. Co. v. Robert W. Baird & Co.*, 756 F. Supp. 2d 1113, 1165–66 (D. Ariz. 2010) (citing *PLM Tax Certificate Program 1991–92, L.P. v. Schweikert*, 162 P.3d 1267, 1270 (Ariz. Ct. App. 2007)). The Court concurs with Defendant's argument that the First Amended Complaint fails to adequately allege that Plaintiff or a third party incurred damages because they relied on the allegedly false information published on Defendant's website. (Doc. 35-1 at 20). The Court grants Defendant's Motion to Dismiss (Doc. 35) as to Count III of the First Amended Complaint.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying in part and granting in part Defendant's Motion to Dismiss (Doc. 35) as set forth herein.

**IT IS FURTHER ORDERED** dismissing Count III of the First Amended Complaint.

Dated this 27th day of August, 2019.

_____
Eileen S. Willett
United States Magistrate Judge

- 4 -