WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Delivery Financial Services LLC, | No. CV-18-04242-PHX-ESW |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Lemberg Law LLC, | |
| Defendant. | |

The Court has reviewed Plaintiff's "Motion to Dismiss without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)" (Doc. 43), Defendant's Opposition (Doc. 44), and Plaintiff's Reply (Doc. 45). Plaintiff requests that the Court dismiss this matter without prejudice. In opposing Plaintiff's request for a dismissal without prejudice, Defendant asserts that the Court should instead dismiss this matter with prejudice conditioned on Plaintiff's payment of Defendant's attorneys' fees and costs and the withdrawal of the Court's Orders finding personal jurisdiction over Defendant. For the reasons explained below, the Court will dismiss this matter with prejudice.

### **I. DISCUSSION**

Federal Rule of Civil Procedure 41(a)(2) allows the court, at a plaintiff's request, to dismiss an action "on terms the court considers proper." The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273,

277 (9th Cir. 1980). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The Court may order dismissal to be with prejudice where it would be inequitable or prejudicial to the defendant to allow the plaintiff to refile the action. *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993). "The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* at 1443-44.

Plaintiff explains that it is requesting that the Court dismiss this matter without prejudice because Plaintiff "no longer is interested in engaging in endless motions and appeals. Plaintiff respectfully wishes to stop incurring costs and delay upon delay." (Doc. 43 at 3, ¶ 13). Plaintiff states that the "complaint will not be further prosecuted even if not dismissed." (Doc. 45 at 3, ¶ 17). Because Plaintiff's stated reason for seeking a Rule 41(b) dismissal is that it has decided to abandon its claims, the Court finds that in the interest of finality, it would be inequitable to grant a dismissal without prejudice. *See, e.g., White v. Donley*, No. CV05-7728ABCFMOX, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008) ("Dismissing the claims without prejudice would harm Defendant's legal interest in the timely final adjudication of Plaintiff's long-pending claims."). The Court will therefore grant in part and deny in part Plaintiff's Motion to Dismiss (Doc. 43) by dismissing this matter with prejudice. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (stating the district court's dismissal of claims with prejudice "so they cannot be reasserted in another federal suit [against defendant] only strengthens our conclusion that the dismissal caused no legal prejudice and was not an abuse of discretion"); *Hanginout, Inc. v. Google, Inc.*, No. 13CV2811 AJB (NLS), 2015 WL 11254690, at *2 (S.D. Cal. June 30, 2015) ("Because the dismissal is with prejudice, Defendant will not suffer any legal prejudice as a result of granting Plaintiff's motion.").

Defendant requests the Court to condition the dismissal of this matter upon Plaintiff's payment of Defendant's attorneys' fees and costs, asserting that the Court should sanction Plaintiff under 28 U.S.C. § 1927 and the Court's inherent authority.

28 U.S.C. § 1927 provides that:
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"[T]he term 'vexatious' has been defined as 'lacking justification and intended to harass.'" *Terrebonne, Ltd. of California v. Murray*, 1 F.Supp.2d 1050, 1055 (E.D. Cal. 1998) (quoting *Overnite Transp. Co. v. Chicago Ind. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983)). The imposition of sanctions under 28 U.S.C. § 1927 requires a "finding of recklessness *or* bad faith." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) (emphasis in original) (citing *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983)). Similarly, a "specific finding of bad faith . . . must 'precede any sanction under the court's inherent powers.'" *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). Ignorance or negligence does not support a finding of recklessness or bad faith. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (affirming denial of sanctions under 28 U.S.C. § 1927 and court's inherent authority where the record "certainly shows ignorance or negligence on the part of [plaintiff], but does not compel a finding that he was reckless or acted in bad faith"); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir. 1989) (district court may not sanction mere "inadvertent" conduct); *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990) ("[C]onduct sanctioned [under § 1927] should be more severe than mere negligence, inadvertence, or incompetence.").

After reviewing the parties' briefing and the docket, the Court cannot make the necessary finding that Plaintiff has acted recklessly or in bad faith during the course of litigating this matter. Defendant's request for sanctions under 28 U.S.C. § 1927 or the

Court's inherent authority is denied. Each party shall pay its own attorneys' fees and costs. In addition, the Court denies Defendant's request that the Court withdraw its Orders rejecting Defendant's arguments that the Court lacks personal jurisdiction over Defendant. The Court will deny as moot Defendant's "Motion for Certification Under 28 U.S.C. § 1292(B) for Immediate Appeal of the March 27, 2019, June 4, 2019 and August 27, 2019 Orders on Defendant's Motions to Dismiss" (Doc. 41).

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting in part and denying part Plaintiff's "Motion to Dismiss without Prejudice Pursuant to Fed. R. Civ. P. 4`(a)(2)" (Doc. 43) as set forth herein.

**IT IS FURTHER ORDERED** denying as moot Defendant's "Motion for Certification Under 28 U.S.C. § 1292(B) for Immediate Appeal of the March 27, 2019, June 4, 2019 and August 27, 2019 Orders on Defendant's Motions to Dismiss" (Doc. 41).

**IT IS FURTHER ORDERED** dismissing this matter with prejudice. Each party shall bear its own attorneys' fees and costs. The Clerk of Court is directed to enter judgment accordingly.

Dated this 21st day of January, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge